## COUNTY OF WALDO.

### (*) SPRING & *al. versus* DAVIS.

By R. S., c. 32, § 33, an execution-creditor, after discharging the debtor from imprisonment, may still, under some circumstances, have a remedy against his estate to be reimbursed for the expenses of supporting him while in prison.

The claim, however, for such reimbursement arises, under the statute, not for expenses paid directly to the jailer, but only for payments made to the town to reimburse them for supporting the debtor upon his complaint of inability to support himself.

By the rules of the common law, no person, without his own consent, can be made debtor to another.

In order to constitute the relation of creditor and debtor, it is not essential that the consent of the latter be given *expressly*. It may be established by inference.

If an imprisoned debtor, assert that he is unable to support himself in prison, and that the creditor will be obliged to pay for his board, and the creditor does in fact pay for the same, it is inferrable that the debtor assented to such payment, and promised the creditor to refund the same.

Such an inferred promise is sufficient to support an action by the creditor for the repayment.

In a case submitted to the Court, upon facts agreed, the Court has power to infer other facts, though such power be not expressly given.

ON FACTS AGREED.

ASSUMPSIT.

The defendant was arrested on an execution in favor of the plaintiffs, and gave a six months relief bond.

Before the expiration of the six months, he surrendered himself into the custody of the jailer, and went into close confinement on Sept. 28, 1850. He then complained of his inability to support himself in prison; and the jailer thereupon procured a magistrate to prepare a statement and affidavit of that fact, which was presented to the defendant, but he utterly refused to sign it or swear to it.

In Feb'y or March, 1851, the jailer applied to the overseers of the poor of the town of Belfast, in which the prison

was situated, to be paid by them for the defendant's board. The plaintiffs having been notified of that application, paid to the *jailer* the board, which had then already accrued, and for that which afterwards accrued while the defendant continued in prison, and until he was finally discharged by the plaintiffs' own order.

While in prison, the defendant frequently complained to the jailer of his inability to support himself, and asserted that the plaintiffs would be obliged to pay his board while there.

If the action is maintainable, the defendant is to be defaulted, and judgment is to be rendered for the amount claimed in the writ with interest from its date and cost. Otherwise, a nonsuit is to be entered, in which event the defendant moves, that cost may be allowed to him.

*J. Williamson,* for the plaintiffs.

We submit that the action is sustainable upon the authority of *Plummer* v. *Sherman,* 29 Maine, 555.

But, however that may be, the plaintiffs having paid for the defendant's board, when he was unable himself to pay it, have rendered for him a meritorious service, for which the law will raise a contract to pay. His frequent expressions, that the plaintiffs would be obliged to pay, were admissions, that their paying would be by his consent. They clearly recognized his assent; and from that assent a promise to pay will be implied. In *Plummer* v. *Sherman,* already cited, the Court say : — " By the reception of support from the creditor, the parties are to be viewed in the same relation as if no confinement existed. There is no difference in the liability arising from a support furnished in prison or out of it." " Generally the law implies a promise where one pays money or performs a beneficial service for another."

*W. G. Crosby,* for the defendant.

There is no *implied* promise on the part of a creditor to pay the board of his imprisoned debtor. His liability so to do arises from statutory provisions only ; and there is but one statute by which he is made *absolutely* liable. Every town which shall " incur and *pay*" any charges for the sup-

Spring *v.* Davis.

port of a poor debtor in jail, may recover the same from the creditor.   R. S., c. 32, § 32, p. 242.   If the plaintiffs then claim to recover under this provision of the statute, on the ground that they were holden to the town of Belfast for the board of the defendant, our answer is, that they were *not* so holden.   The town of Belfast had never "*paid*" those charges, and therefore had no claim against the plaintiffs.   In paying, as they did, the plaintiffs paid what they were under no obligation to pay ; it was a gratuitous act on their part.

But, although a creditor is made absolutely liable to pay for the support of his imprisoned debtor by no other law than the statute just referred to, yet by the provisions of another statute, (Act of 1842, c. 23, § 1,) he may be made liable, provided the debtor takes the preliminary steps pointed out by that statute, and if his creditor sees fit to prolong his imprisonment.   By the provisions of this statute, the debtor may make his written complaint, under oath, and thereupon, and not until then, the creditor can be required to provide for his support ; in default of his so doing the debtor may be discharged.   That complaint was never made in the present case, and *that* law therefore imposed no liability upon the plaintiffs.

It might be suggested, that the plaintiffs were at liberty to *waive* their rights, and pay the board of their debtor, although not "required" so to do upon his written complaint and oath.   A man may waive his own rights, but he cannot thereby deprive another man of *his*.   The debtor had a right to elect who should be responsible for his board ; himself, his creditor or the town.   He had a right to pay it himself ; of that right his creditors surely could not deprive him.   He had a right to make his written complaint, and thereby throw the burden upon them ; and of that right they could not deprive him. He had a right to do neither of these acts, to *refuse* to do either, and thereby render the town liable for his support ; and of this right his creditors could not deprive him.   It was his privilege to elect, and he might have good and sufficient reasons for throwing the burden upon the town.   It would

have been soon enough for his creditors to pay when the town had, by *paying*, placed itself in a position to call upon them to refund. *Non sequitur* that the town *would* have paid; or that the plaintiffs would have been called upon to pay the town. The existence of a right does not necessarily imply its exercise.

Furthermore, the case finds, that the town was not notified to provide for the support of the debtor until some six months after his imprisonment began ; the liability of the town did not commence until notice, and of course the liability of the creditors to the town would not commence until that time. In their anxiety to add to the weight, already laid upon the shoulders of their debtor by imprisonment, they not only assume the liability to pay for his *future* support, but actually pay for his support for the six months preceding, for which neither *they nor the town could in any event be made liable;* and this they are seeking to recover from defendant in this action.

The plaintiffs found their claim upon a statutory provision, and the defendant has a right to require of them a strict compliance with its conditions.

The plaintiffs rely upon the case of *Plummer* v. *Sherman.* That case was unlike this. In that case the debtor complained in the manner and form required by statute, and thereby, as the Court remarked, " laid the foundation for the call upon the creditor." Not so in the case at bar.

It is true, that " the law generally implies a promise where one pays money for another." But there are exceptions to this rule, one man cannot pay another's debts and thereby make him his debtor, unless there is some request, implied or express, so to do.

In this case there was no *express* request ; neither did the defendant do any act from which a request can be *implied*.

SHEPLEY, C. J. — The plaintiffs do not appear to be entitled to maintain their suit, by virtue of any statute provisions. They did not become liable to pay for the board of the de-

fendant in prison, by the provisions of the Act approved on March 17, 1842, for the defendant refused to comply with them.

Upon the application of the keeper of the prison, to the overseers of the poor of the town of Belfast, the plaintiffs were not made liable to pay for the defendant's board directly to the keeper. They were made liable to repay to the town the amount, which it might have been legally required to pay. The town was not liable to pay for the defendant's board before it had received notice.

The plaintiffs are not entitled to recover by virtue of the provisions of statute, c. 32, § 33. By the use of this· language " all sums, which the creditor may have paid for the support of the debtor under imprisonment," was intended only sums so paid by virtue of the statute provisions; not all sums which the creditor might choose voluntarily to pay for that purpose.

It remains to consider, whether· the plaintiffs are entitled to recover, upon a promise to be inferred from the facts agreed, by the rules of the common law. By its rules no person can make another his debtor contrary to his pleasure or without his express or implied consent. The case agreed states " while in prison the defendant frequently complained of his inability to support himself, and asserted that the plaintiffs would be obliged to pay his board while there." They would have been obliged to do so in part by the course which the defendant pursued, if the town had first paid and then called upon them for repayment. His intention to have his board paid by them is apparent. He probably supposed, that intention would be made effectual by the statute provisions. .His intention and assent that they should pay his board is not the less clearly to be inferred because they were not by law compelled to do it. By insisting, that they could not by law avoid it, his expectation and consent that they should do it may justly be inferred. Having received a support from them under such circumstances, he is liable to pay for it.                                     *Defendant defaulted.*

TENNEY, WELLS, HOWARD and RICE, J. J., concurred.